UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

NICOLE GARCIA, individually
and on behalf of all others similarly situated,   **CLASS ACTION**

    *Plaintiff*,

vs.

STUDENT LOANS OF AMERICA LLC,   **JURY TRIAL DEMANDED**
a California Limited Liability Company,

    *Defendant*,
_____/

**CLASS ACTION COMPLAINT**

Plaintiff, Nicole Garcia (hereinafter "Plaintiff"), brings this class action under Rule 23 of the Federal Rules of Civil Procedure against Student Loans of America LLC ("Student Loans" or "Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the TCPA"), and the regulations promulgated thereunder. In support, Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Student Loans in negligently or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

1

2. "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the [FCC]."[1] The TCPA is designed to protect consumer privacy by, among other things, prohibiting the making of autodialed or prerecorded-voice calls to cell phone numbers and failing to institute appropriate do-not-call procedures. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. 64.1200(d).

3. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. Additionally, the FCC has explicitly stated that the TCPA's prohibition on automatic telephone dialing systems "encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls." U.S.C.A. Const. Amend. 5; Telephone Consumer Protection Act of 1991, § 3(a), 47 U.S.C.A. § 227(b)(1)(A)(iii). *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165 (N.D. Cal. 2010)

5. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of

---

[1] *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, ¶ 1 (2015).

protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.,* 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd,* 755 F.3d 1265 (11th Cir. 2014).

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District, including the transmission of the subject unauthorized call.

9. The Court has personal jurisdiction over Student Loans because it conducts business in this state, markets its services within this state, and has availed itself to the jurisdiction of the State of Florida by placing the unauthorized calls to Plaintiff and Class Members in this state.

## PARTIES

10. Plaintiff's domicile is in Miami-Dade County, Florida. Plaintiff is a citizen of the state of Florida.

11. Defendant, Student Loans of America LLC, is a California Limited Liability Company and citizen of the state of California, listing its principal address at 1660 Hotel Circle North, Suite 102, San Diego, California 92108.

12. Upon information and belief, Student Loans is in the business of selling fee based application assistance services to consumers who apply for various student loan repayment programs, such as income-driven repayment plans. (Defendant's website, https://www.slofamerica.com/ viewed on July 16, 2019).

13. Student Loans promotes and markets its services, in part, by calling wireless phone users.

14. Student Loans, directly or through other persons, entities or agents acting on its behalf, conspired to, agreed to, contributed to, authorized, assisted with, and/or otherwise caused all of the wrongful acts and omissions, including the dissemination of the unsolicited calls that are the subject matter of this Complaint.

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff was a citizen of the State of Florida. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

16. Student Loans is, and at all times mentioned herein was, a corporation and "persons," as defined by 47 U.S.C. § 153 (39).

17. At all times relevant Student Loans conducted business in the State of Florida and in Miami-Dade County, within this judicial district.

18. Student Loans utilizes prerecorded telemarketing calls to market and advertise Student Loans′ business, including at least one (1) pre-recorded call.

19. Telemarketing is the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person.

20. Defendant called Plaintiff and Class Members for the purpose of promoting fee based application assistance services to consumers who apply for various student loan repayment programs, such as income-driven repayment plans that are offered by Student Loans.

21. The calls which Defendant placed to Plaintiff were unsolicited advertisements because the calls promoted goods and services offered by Student Loans, which it placed to Plaintiff without her prior express written consent. The calls from Defendant to Plaintiff constituted advertisements because the calls drew attention to services offered for sale by Student Loans to promote the sale of those services.

22. Defendant engaged in Telemarketing by placing calls to Plaintiff which promoted Defendant's services.

23. Defendant engaged in Telemarketing when it placed the calls with pre-recorded messages to Plaintiff and Class Members because one purpose that Defendant had in placing these calls was to promote the sale of goods, or services.

24. Defendant failed to obtain prior express written consent from Plaintiff before they placed the calls to her.

25. Upon information and belief, Plaintiff alleges that Defendant failed to obtain prior express written consent from Class Members before they placed calls to Class Members.

26. For example, on or about April 18, 2019, at approximately 2:51 p.m. (EST), Student Loans called Plaintiff's cellular telephone ending in "2307" using a pre-recorded message. A true and correct screenshot showing this voicemail on the voicemail log on Plaintiff's phone is below.



27.     The prerecorded telemarketing call was transmitted to Plaintiff's 2307 Number, and within the time period that is relevant to this action.

28.     Plaintiff clicked her voicemail button to listen to the message, which resulted in her phone being unavailable to place or receive other calls and depleted the phone's battery.

29.     Thereafter, Defendant continued to place similar call to Plaintiff's "2307" number.

30.     At no time did Plaintiff provide Plaintiff's cellular number to Student Loans through any medium, nor did Plaintiff consent to receive such unsolicited calls.

31.     Plaintiff has never signed-up for, and has never used, Student Loans' services, and has never had any form of business relationship with Student Loans.

32.     Plaintiff is the subscriber and sole user of the 2307 Number and is financially responsible for phone service to the 2307 Number.

33.     Plaintiff did not provide Student Loans or its agents prior express consent to receive calls to her cellular telephone, pursuant to 47 U.S.C.

6

34. The unsolicited calls by Student Loans, or their agents, violated 47 U.S.C. § 227(b)(1).

35. Student Loans is and was aware that it is placing unsolicited robocalls to Plaintiff and other consumers without their prior express consent.

36. Plaintiff was damaged by Student Loans' calls. In addition to using Plaintiff's cellular data, her privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted calls, and voicemails forcing her to divert attention away from her work and other activities. *See Muransky v. Godiva Chocolatier, Inc.,* 905 F.3d 1200, 1211 (11th Cir. 2018). ("[T]ime wasting is an injury in fact".… "[A] small injury… is enough for standing purposes").

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this class action under rules 23(a) and 23(b)(2) & (b)(3) of the Federal Rules of Civil Procedure on behalf of itself and of a similarly situated "Class" or "Class Members" defined as:

> **All persons in the United States who, within the four (4) years prior to the filing of this action, Defendant called on their cell phone using an artificial or prerecorded voice message or equipment with the capacity to dial numbers without human intervention, where the recipient did not give the cell phone number to Defendant for purposes of receiving automated marketing calls.**

38. Excluded from the Class are: any Defendant, and any subsidiary or affiliate of that Defendant, and the directors, officers and employees of that Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

39. This action has been brought and may properly be maintained as a class action against Student Loans pursuant to Rule 23 of the Federal Rules of Civil Procedure because there

is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded or otherwise modified.

40. **Numerosity**: At this time, Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Student Loans' conduct consisted of a standardized campaign of placing calls to cellular telephones using pre-recorded messages, Plaintiff believes, at a minimum, there are greater than forty (40) Class Members. Plaintiff believes that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit the Parties and the Court by eliminating the possibility of inconsistent or varying adjudications of individual actions.

41. Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Student Loans' records, including, but not limited to Student Loans' call and marketing records.

42. Members of the Class may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

43. **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class. Common questions of law and/or fact exist as to all members of the Class and predominate over the questions affecting individual Class members. These common legal and/or factual questions include, but are not limited to, the following:

a. Whether, within the four years prior to the filing of this Complaint, Student Loans or its agents called, placed calls using pre-recorded messages (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member to any telephone number assigned to a cellular phone service;

b. How Student Loans obtained the numbers of Plaintiff and Class members;

c. Whether Student Loans engaged in telemarketing when it placed the calls which are the subject of this lawsuit;

d. Whether the calls placed to Plaintiff and Class Members violate the TCPA and its regulations;

e. Whether Student Loans willfully or knowingly violated the TCPA or the rules prescribed under it;

f. Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney fees and costs for Student Loans' acts and conduct;

g. Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Student Loans from continuing to engage in its unlawful conduct; and

h. Whether Plaintiff and the Class are entitled to any other relief.

44. One or more questions or issues of law and/or fact regarding Student Loans' liability are common to all Class Members and predominate over any individual issues that may exist and may serve as a basis for class certification under Rule 23(c)(4).

45. **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same course of conduct that violates the TCPA.

46. Plaintiff and members of the Class each received at least one telephone call, advertising the Defendant's fee based application assistance services to consumers who apply for various student loan repayment programs, such as income-driven repayment plans, which Defendant sent or caused to be sent to Plaintiff and the members of the Class.

47. **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel, who are competent and experienced in litigation in the federal courts, TCPA litigation and class action litigation.

48. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Student Loans by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the

Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

49.     **Class-Wide Injunctive Relief and Rule 23(b)(2):** Moreover, as an alternative to or in addition to certification of the Class under Rule 23(b)(3), class certification is warranted under Rule 23(b)(2) because Student Loans has acted on grounds generally applicable to Plaintiff and members of Class, thereby making appropriate final injunctive relief with respect to Plaintiff and Class Members as a whole.  Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendant Student Loans' ongoing violations of the TCPA, and to order Student Loans to provide notice to them of their rights under the TCPA to statutory damages and to be free from unwanted calls.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(b)**

50.     Plaintiff incorporates by reference all of the allegations contained in all of the above paragraphs of this Complaint as though fully stated herein.

51.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system. . .to any telephone number assigned to a . . .cellular telephone service . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

52.     "Automatic telephone dialing system" refers to any equipment that has the "capacity to dial numbers without human intervention." See, e.g., Hicks v. Client Servs., Inc., No. 07-61822, 2009 WL 2365637, at *4 (S..D. Fla. June 9, 2009) (citing FCC, In re: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991: Request of ACA International for Clarification and Declaratory Ruling, 07-232, Par. 12, n.23 (2007)).

53. Defendant – or third parties directed by Defendant – used equipment having the capacity to dial numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class defined above.

54. These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

55. Defendant has, therefore, violated Sec. 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express written consent.

56. The foregoing acts and omissions of Student Loans constitutes numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

57. As a result of Student Loans' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

58. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Student Loans, as set forth in the Prayer for Relief below.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)

59. Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 49 and 53-55 of this Complaint as though fully stated herein.

60. At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

61. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that its conduct was a violation of the TCPA.

62. Because Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive autodialed calls, the Court should treble the amount of statutory damages available to Plaintiff and members of the putative Class pursuant to § 227(b)(3) of the TCPA.

63. As a result of Student Loans' knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

64. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Student Loans, as set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of the class, against Student Loans for:

    a. An order certifying this case as a class action, certifying Plaintiff as representative

of the Class, and designating Plaintiff's attorneys Class counsel;

b. Statutory damages of $500 per call;

c. Willful damages at $1,500 per call;

d. A declaration that Student Loans' practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii);

e. An injunction prohibiting Student Loans' from calling numbers assigned to cellular telephones without the prior express written consent of the called party;

f. Reasonable attorney's fees and costs; and

g. Such further and other relief as this Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: July 22, 2019

Respectfully submitted,

*/s/ Seth Lehrman*
Seth M. Lehrman (FBN 132896)
E-mail: seth@epllc.com
EDWARDS POTTINGER LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile: 954-524-2822

*Attorneys for Plaintiff*